OPINION
{¶ 1} Respondent-appellant Phillip D. Riley appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Knox County, Ohio, which found the prior order of child support is enforceable and ordered him to pay $433.33 plus poundage until his child support arrearage is liquidated. Appellant assigns three errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED IN REGISTERING THE FOREIGN ORDER FROM CONNECTICUT, AS IT WAS DEFECTIVE BECAUSE APPELLANT WAS NOT SERVED WITH A COPY OF THE JUDGMENT, WHICH WAS A PREREQUISITE TO THE CHILD SUPPORT ORDER BEING EFFECTIVE.
 {¶ 3} "II. EVEN IF THE FOREIGN ORDER SHOULD BE REGISTERED, THE TRIAL COURT ERRED BY ESTABLISHING A CHILD SUPPORT ARREARAGE; THERE SHOULD BE NO ARREARAGE DUE TO APPELLANT'S DEFENSES OF LACHES, EQUITABLE ESTOPPEL AND WAIVER.
 {¶ 4} "III. EVEN IF THE FOREIGN ORDER SHOULD BE REGISTERED, THE TRIAL COURT ERRED BY ESTABLISHING A CHILD SUPPORT ARREARAGE BASED UPON THE CONNECTICUT ORDER RATHER THAN THE MINNESOTA ORDER."
 {¶ 5} This case began when the appellee, Robin Riley nka Vanderstigchel, brought an action to register and enforce a Connecticut Child and Spousal Support order against appellant, pursuant to the Uniform Interstate Family Act. Appellee alleged appellant owed $72,357.82 in child support as of June 10, 2004, and $18.00 of spousal support as of December 31, 2003.
 {¶ 6} The record indicates in 1986, petitioner-appellee filed for divorce in Connecticut. The parties had two children, both of whom were minors at the time. Appellant was served with a copy of the initial pleadings at his residence in Minnesota. Sometime in March of 2006, Connecticut sent a request to Minnesota to establish and collect child support from appellant, because he was a Minnesota resident.
 {¶ 7} The Seventh Judicial District Family Court in St. Cloud, Minnesota, conducted a hearing to establish child support. Appellant appeared and participated in the hearing, which established child support at $146.00 per month and found an arrearage of $2077.46, to be liquidated at an additional $50.00 per month.
 {¶ 8} On or about September 16, 1986, the court in Connecticut issued a judgment terminating the parties' marriage and ordering child support in the amount of $50.00 per child per week.
 {¶ 9} Appellant had no contact with the children until approximately 2001. In the interim, the older child had turned 18. The younger child began residing with appellant in November of 2001, and turned 18 years old in 2002.
 {¶ 10} From the record it appears at various times appellant lived in several other states, but now is a resident of Ohio. At the time of the hearing, appellee was a resident of Virginia. The support order Virginia forwarded to Ohio for enforcement was the Connecticut order from the divorce decree.
 {¶ 11} On July 7, 2004, appellant submitted a memorandum of law and argument, raising various defenses to the enforcement of the child support order. Appellant argued enforcement of the Connecticut order was barred by laches, in that appellee had delayed 15 years in collecting any child support, and only brought this action after the children established contact with appellant against her wishes. Appellant argued he had been denied any contact or participation in the upbringing of his children. Appellant also alleged but for appellee's delay, he might have had the opportunity to request modification of the order.
 {¶ 12} Appellant also raised the defense of equitable estoppel, alleging he had relied in good faith on appellee's conduct in not pursuing support for their children. Appellant alleged appellee had told him she wanted nothing from him, and he relied on her statement. He has a new family with 3 children, and had he known of this child support order, he might have made different decisions about various job and family related issues.
 {¶ 13} Appellant also argued appellee waived her right to child support, not only in telling him she wanted nothing, but also because she wished to prevent the children from having a relationship with appellant.
 {¶ 14} Appellant argued the principles of issue preclusion barred the enforcement of Connecticut order. Appellant argued he reasonably relied on the Minnesota order of child support and the Connecticut court lacked jurisdiction to modify or issue an order for support. Finally, appellant argued appellee was collaterally estopped from enforcing the Connecticut order because the Minnesota order was in effect. Thus, appellant urged the court no child support arrearage should be established, or at most, it should be based on the Minnesota order.
 {¶ 15} The magistrate to whom the matter was referred conducted a hearing on the matter on July 7, 2004. The magistrate's first proposed decision, entered October 15, 2004, was favorable towards appellant and found the Connecticut order of child support had no force and effect, and could not be registered or enforced. The magistrate did not reach appellant's defenses.
 {¶ 16} Appellee filed objections to the decision, and the court sustained her objections and determined the Connecticut order is valid and enforcible. The matter was remanded to the magistrate for consideration of the various defenses. On remand, the magistrate examined appellant's defenses, and found they were not well taken.
 {¶ 17} Appellant filed six objections to the magistrate's second report. The court overruled each objection, and found appellant had actual notice of the Connecticut order, evidenced by his direct payments and those made as a result of wage withholding. The court found laches does not apply because appellant was not prejudiced by appellee's delay in bringing the court action. The court found the doctrine of equitable estoppel did not apply because father was not entitled to rely on his alleged conversation with his wife as a basis to ignore the child support order. The court also found appellant made child support payments after the conversation, which contradicts appellant's allegation he believed he had no child support obligation.
 {¶ 18} The trial court found the doctrines of issue preclusion and collateral estoppel do not apply. The court found the Minnesota Child Support order resulted from an action initiated through Connecticut prior to the time the divorce action was finalized. The court found the Minnesota order to be a temporary order, superceded by the final decree of divorce from Connecticut. Finally, the court rejected appellant's defense of waiver, finding it was irrelevant whether mother stated she wanted no child support, because the right to child support is not solely a parent's right to waive, citing Burke v. Burke
(1950), 137 Connecticut 74.
 I. {¶ 19} In his first assignment of error, appellant argues the judgment from Connecticut specified the child support order of $50.00 per week per child was not effective until he received actual notice pursuant to the Connecticut General Statutes. Appellant argues he never received notice of the child support order, and thus, it is not a valid and enforcible order.
 {¶ 20} Appellee directs our attention to the case of Jonesv. Jones (1986), 199 Connecticut 287. In Jones, the trial court entered a decree of divorce without having personal jurisdiction over the defendant, who had left the state without informing his wife of his destination. The court originally ordered custody of the child to the plaintiff, but made no order concerning child support.
 {¶ 21} Ten years later, plaintiff located the defendant in Oregon and moved the court to re-open the original divorce decree and order child support. The defendant was served by an Oregon court officer, and the defendant filed a motion to dismiss for lack of jurisdiction.
 {¶ 22} The Supreme Court of Connecticut found because the defendant had no notice of the divorce proceedings in 1971, the court had no authority to order child support at that time. The Court found statutes providing for parental support and maintenance of their minor children are to be broadly construed. The Supreme Court rejected the defendant's argument that because he had not received any notice of the divorce, the court could never re-open its decree and order child support. The Supreme Court found this would reward a non-resident defendant for having successfully eluded the process server at the time of the dissolution action and thus frustrate the legislative purpose of securing child support. The Court found if a non-resident defendant has actual notice of the modification proceedings, then the trial court has jurisdiction over the defendant.
 {¶ 23} Although appellant testified he had no knowledge of Connecticut order, or even the Connecticut divorce, the record contains evidence from which the trial court could determine he did receive notice of the divorce action. Further, the court found appellant made child support payments to Connecticut. Weight of the evidence and credibility of the witnesses are matters for the trier of fact, and this court must accord due deference to the court's determinations, see State v. DeHass
(1967), 10 Ohio St. 2d 230.
 {¶ 24} Following Jones, we find the appellant had notice of the Connecticut divorce proceedings, and cannot evade the consequences of the Connecticut decree.
 {¶ 25} The first assignment of error is overruled.
 II. {¶ 26} In his second assignment of error, appellant repeats his arguments the principles of laches, equitable estoppel, and waiver preclude enforcement of this order.
 {¶ 27} Issues of waiver, laches, and estoppel are fact-driven, and will not be reversed absent an abuse of discretion, see, e.g., Dodley v. Jackson, Franklin App. No. 05AP11, 2005-Ohio-5490.
 {¶ 28} The trial court rejected appellant's claim he did not pay child support because he was not able to see his children. The court found appellant sought no relief from his child support obligation, and did not file on a contempt action against appellee for denying him visitation. Appellant admitted he knew where the children were because of his continuing contact with the maternal grandparents.
 {¶ 29} The court found appellant could not demonstrate either reasonable reliance or a detrimental change in position based upon appellee's alleged statement she did not want child support. We agree.
 {¶ 30} We have reviewed the record, and we find the trial court's stated reasons for rejecting the doctrine of laches, equitable estoppel, and waiver are supported by evidence in the record.
 {¶ 31} The second assignment of error is overruled.
 III. {¶ 32} In his third assignment of error, appellant urges any child support arrearage must be computed on the Minnesota order rather than the Connecticut order.
 {¶ 33} The purpose of the Uniform Reciprocal Enforcement of Support Act was to provide a practical method to enforce the legal obligations of child support when an obligor left the state in which the children resided, see R.C. 3115.01 et seq. Ordinarily, the initiating state, where the children reside, sets a child support order and transmits it for enforcement to the responding state, where the obligor resides. The initiating state retains jurisdiction and the responding state has no jurisdiction to modify the order. Here, Connecticut retained jurisdiction over the divorce action and over the child support issue. We find the Connecticut order is controlling.
 {¶ 34} Appellant points to the record wherein Connecticut sent a request to Minnesota in 1990, asking the Minnesota order be enforced. Appellant urges Connecticut recognized the Minnesota order as valid. We do not agree. The Connecticut order was valid and enforceable unless and until a court modified it. An enforcement request does not constitute a modification of a prior order.
 {¶ 35} We find the trial court correctly determined the Minnesota order, established at Connecticut's request, was a temporary order in effect during the pendency of the Connecticut action. When the final divorce decree was issued, the child support order contained therein became the final order.
 {¶ 36} The third assignment of error is overruled.
 {¶ 37} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Knox County, Ohio, is affirmed.
By Gwin, J., Wise, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, of Knox County, Ohio, is affirmed. Costs to appellant.