**JP MORGAN CHASE BANK, N.A., Appellee,**

v.

**QUALLS et al., Appellants.**

[Cite as *JP Morgan Chase Bank, N.A. v. Qualls*, 170 Ohio App.3d 128, 2007-Ohio-639.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 2006CA00213.

Decided Feb. 12, 2007.

---

3. Since, of course, we have no transcript.

Robert B. Holman and Katherine E. Rudzik, for appellee.

Stephen J. Harrison, for appellants.

FARMER, Judge.

{¶ 1} Thomas Qualls is the undivided one-third owner of property located in Plain Township, Ohio. His parents, appellants Rosezelle and William Qualls, are the other undivided one-third owners, respectively. On October 24, 2003, Thomas Qualls executed a note and mortgage on the subject property that were ultimately assigned to appellee, JP Morgan Chase Bank, N.A. Thomas Qualls defaulted on his obligation to appellee, and on December 12, 2005, appellee filed a complaint against Thomas Qualls, appellants, and others, seeking foreclosure, deed reformation, and quiet title. Appellee sought to have the deed reformed to transfer appellants' entire interest in the subject property to Thomas Qualls. Appellee filed an amended complaint on April 14, 2006, adding two additional claims: equitable subrogation and equitable lien.

{¶ 2} On May 12, 2006, appellee filed a motion for summary judgment. Appellants filed a motion for partial summary judgment on May 15, 2006. By judgment entry filed June 6, 2006, the trial court granted summary judgment to appellee and denied appellants' motion for partial summary judgment. An entry granting summary judgment and decree in foreclosure and reformation of the mortgage was filed on June 21, 2006.

{¶ 3} Appellants filed an appeal, and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶ 4} "The trial court erred in granting summary judgment to the plaintiff, by granting reformation of a deed to which the plaintiff was not a party, and to the extent it allowed plaintiff's mortgage to attach beyond the undivided 1/3 interest of its mortgagor Thomas S. Qualls in the subject premises and allowed relief affecting the interests of other owners of the subject premises."

## II

{¶ 5} "The trial court erred in denying partial summary judgment to the defendant-appellants, who are entitled to a finding that they are the owners of 2/3 interest in the subject premises unencumbered by the claims of the plaintiff."

## III

{¶ 6} "Alternatively, the trial court erred in not conducting a trial on the merits as to the respective culpabilities and equities of the parties and the weight to be given same, as well as the measure and apportionment of any equitable subrogation or lien, if any, among the respective shares of the parties."

## I, II, III

{¶ 7} Appellants claim that the trial court erred in granting summary judgment to appellee, including reformation of the deed, and erred in denying their motion for partial summary judgment. In the alternative, appellants claim the trial court erred in not conducting a trial on the merits.

{¶ 8} Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. This rule was reaffirmed by *State ex rel. Zimmerman v. Tompkins* (1996), 75 Ohio St.3d 447, 448, 663 N.E.2d 639:

{¶ 9} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274."

{¶ 10} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments by the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 30 OBR 78, 506 N.E.2d 212.

{¶ 11} In its judgment entry of June 21, 2006, the trial court specifically stated the following:

{¶ 12} "The Court finds that as the result of a scrivener's error and mutual mistake of fact between the parties thereto, the deed to the primary defendant from defendants, William A. Qualls and Rosezelle B. Qualls, filed for record on 06/20/02, as Instrument Number 200206200049105, of said County Recorder's

Records, states that the grantors of said deed are granting 'an undivided 1/3 interest' in the subject property to the primary defendant. Plaintiff states that said grantors intended to transfer their entire interest in the subject property to the primary defendant. The Court finds because this mistake was the result of a scrivener's error and mutual mistake of fact between the parties to said document, plaintiff is entitled to have the above described deed reformed to transfer the entire interest of the grantors, William A. Qualls and Rosezelle B. Qualls, in the subject property to the primary defendant, Thomas S. Qualls; and plaintiff is further entitled to an order of this Court decreeing the subject property be sold by the sheriff of this county at sheriff's sale."

{¶ 13} Appellee's motion for summary judgment included the deeds in the chain of title. The last quit claim deed, dated June 13, 2002, states the following:

{¶ 14} "**WILLIAM A. QUALLS** and **ROSEZELLE B. QUALLS**, Husband and Wife, of Stark County, Ohio, for valuable consideration paid, grant to **THOMAS S. QUALLS**, whose tax mailing address is 3815 Fulton Drive, N.W., Canton, OH 44718, an **undivided 1/3 interest** in the following real property:

{¶ 15} "**Situated in the Township of Plain, County of Stark and State of Ohio: and known as and being Lot Number 160 in Avondale Allotment Number Two as shown on the Replat of Lots 159 59 177, inclusive, as recorded in Volume 28, pages 82 and 83, Stark County Plat Records.**

{¶ 16} "Parcel No. 52–07983.

{¶ 17} "Prior Instrument Reference No. 200205070036848."

{¶ 18} This deed, clearly by bold face type, references the conveyance of an undivided one-third interest only. The note and mortgage were based on this conveyance.

{¶ 19} Attached to the complaint is a note signed by "Thomas S. Qualls" only, and a mortgage listing the sole borrower to be "**THOMAS S. QUALLS, UNMARRIED.**" Previous mortgages on the subject property that were paid off by this note and mortgage included appellants as borrowers. It is appellee's position that because the former notes and mortgages were paid off from the proceeds of the note and mortgage from appellee, appellee is entitled to reformation of the deed and equitable relief.

{¶ 20} In their May 15, 2006 motion for partial summary judgment, appellants included their affidavits wherein they affirmed that only an undivided one-third interest was transferred to their son, Thomas Qualls. They further affirmed that they did not mortgage their property to appellee.

{¶ 21} Although appellee may well be entitled to equitable relief and/or recovery from a third party after resolving the factual issues, the current extent

of the record under a summary judgment standard is insufficient to support the trial court's "finding" of scrivener's error. Construing the evidence in favor of the nonmoving party requires a reversal on the issue of the clear language of the deed and mortgage.

{¶ 22} Assignments of Error I and III are granted. Assignment of Error II is denied.

{¶ 23} The judgment of the Court of Common Pleas of Stark County is hereby reversed, and the matter is remanded to that court for trial on any issues as to appellee's claim for equitable relief. As the record stands, the deed transferred to Thomas Qualls an undivided one-third interest only, and the note and mortgage identify him as the sole borrower based upon the pledge of this undivided one-third interest.

Judgment reversed.

GWIN, P.J., and WISE, J., concur.