[Cite as *Nowinski v. Nowinski*, 2011-Ohio-3561.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| ERIN M. NOWINSKI | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
|     Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 10 CA 115 |
| ROBERT J. NOWINSKI, et al. | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 06 DR 1821

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      July 18, 2011

APPEARANCES:

For Plaintiff-Appellee

ANDREW S. GROSSMAN
GROSSMAN LAW OFFICES
32 Hoster Street
Suite 100
Columbus, Ohio 43215

For Defendant-Appellant

BARRY H. WOLINETZ
KELLY M. GWIN
WOLINETZ LAW OFFICES
250 Civic Center Drive, Suite 100
Columbus, Ohio 43215

*Wise, J.*

{¶1} Defendant-Appellant Robert J. Nowinski appeals from the decision of the Licking County Court of Common Pleas, Domestic Relations Division, which found him in contempt of court pursuant to a post-decree motion filed by Plaintiff-Appellee Erin M. Nowinski, appellant's former spouse. The relevant facts leading to this appeal are as follows.

{¶2} Appellant and appellee were married in June 1996 in Granville, Ohio. Four children were born of the marriage. On April 29, 2008, appellant and appellee were granted a divorce by the Licking County Court of Common Pleas, Domestic Relations Division.

{¶3} At the time of the divorce, appellant had built up several retirement accounts, including a profit sharing plan and a 401(K) plan. The 2008 divorce decree included the following provision (hereinafter "Paragraph 9") regarding appellant's retirement funds:

{¶4} "9. RETIREMENT HOLDINGS – The Plaintiff [Appellee] shall be entitled to receive the sum of $147,959 from one or more of Defendant's [Appellant's] retirement holdings and shall retain same free and clear of any claim of Defendant.  Plaintiff shall prepare and the parties shall execute any QDRO(s) and/or rollover forms necessary to accomplish this transfer.  Defendant shall retain, free and clear of any claim of Plaintiff, any remaining retirement funds held in his name."  Divorce Decree at 4.

{¶5} Although the figure used in Paragraph 9 was $147,959.00, the record indicates that due to changes in the stock market during some of the times in question, the retirement accounts at issue varied in combined value as follows:

**{¶6}** December 31, 2007:          $147,950.64

**{¶7}** December 31, 2008:          $180,061.02

**{¶8}** March 31, 2009:             $ 99,653.72

**{¶9}** As further discussed infra, a QDRO was not journalized until April 30, 2009, at which time the combined account balance had dropped well below the $147,959.00 figure ordered in Paragraph 9. Thereafter, the sum of $99,653.72 was transferred to appellee, a shortfall of $48,305.30.

**{¶10}** On October 5, 2009, appellee filed a contempt motion against appellant for failure to comply with the property distribution orders in the divorce.

**{¶11}** The matter proceeded to evidentiary hearings before the court on March 22, 2010, following which appellant moved to dismiss the contempt action. The court took the dismissal motion under advisement, and further proceedings were conducted on September 16, 2010.

**{¶12}** On September 24, 2010, the trial court issued a judgment entry denying appellant's motion to dismiss and finding appellant in contempt of court. Appellant was sentenced to three days in jail, with a purge provision of appellant paying appellee $48,305.30 plus interest within ninety days of the entry. Appellant was further ordered to pay $2,300.00 in attorney fees and $200.00 in court costs.

**{¶13}** On October 20, 2010, appellant filed a notice of appeal. The trial court granted a stay pending appeal on November 29, 2010. Appellant herein raises the following four Assignments of Error:

**{¶14}** "I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN IT DENIED HUSBAND'S MOTION TO DISMISS WIFE'S MOTION FOR CONTEMPT.

**{¶15}** "II. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN IT FOUND HUSBAND IN CONTEMPT.

**{¶16}** "III. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN IT ORDERED HUSBAND TO PAY WIFE AN ADDITIONAL $48,305.30.

**{¶17}** "IV. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN IT ORDERED HUSBAND TO PAY WIFE'S ATTORNEY'S FEES AND COURT COSTS."

I.

**{¶18}** In his First Assignment of Error, appellant contends the trial court erred and abused its discretion in denying his motion to dismiss appellee's contempt motion regarding the distribution of his retirement accounts following the parties' divorce. We disagree.

*Laches*

**{¶19}** Appellant first contends the trial court should have applied the doctrine of laches in support of dismissing the contempt motion.

**{¶20}** Laches has been defined by the Ohio Supreme Court as "an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party." *Connin v. Bailey* (1984), 15 Ohio St.3d 34, 35, 472 N.E.2d 328 quoting *Smith v. Smith* (1959), 168 Ohio St. 447, 156 N.E.2d 113. Issues of

waiver, laches, and estoppel are "fact-driven." *Riley v. Riley*, Knox App.No. 2005-CA-27, 2006-Ohio-3572, ¶ 27, citing *Dodley v. Jackson*, Franklin App. No. 05AP11, 2005-Ohio-5490. Delay in asserting a right does not of itself constitute laches. *Zartman v. Swad*, Fairfield App.No. 02CA86, 2003-Ohio-4140, ¶ 51, citing *Connin*, supra, at 35-36, 472 N.E.2d 328. Similarly, prejudice in a laches defense is generally not inferred merely from inconvenience or the passage of time. See *Smith, supra,* at 457, 156 N.E.2d 113; *State ex rel. Polo v. Cuyahoga County Bd. of Elections* (1995), 74 Ohio St.3d 143, 145, 656 N.E.2d 1277. The decision of a trial court concerning the application of the equitable doctrine of laches will not be reversed on appeal in the absence of an abuse of discretion. *Payne v. Cartee* (1996), 111 Ohio App.3d 580, 590, 676 N.E.2d 946, 952-953. An abuse of discretion is more than just an error in judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028, 1030-1031.

**{¶21}** Appellant herein maintains that appellee created unreasonable delay regarding the transfer of the retirement funds by not submitting a QDRO to appellant (via counsel) for pre-approval until the end of 2008, and by not submitting the finalized QDRO to the trial court until April 2009, approximately a year after the final decree. Appellant adds that appellee did not open an account capable of accepting a funds rollover until May 2009. In response, appellee points out that appellant admittedly refused to sign his approval for the QDRO documents in December 2008, on the advice of his counsel.

**{¶22}** It is apparent to us that both parties in this instance could have done a more expeditious job of facilitating the finalization of the retirement funds division;

however, we are unable to find the trial court's refusal to allow laches to defeat the contempt action constituted an abuse of discretion under the circumstances presented.

*"Unclean Hands"*

**{¶23}** Appellant next contends the trial court should have applied the doctrine of clean hands as a means of dismissing the contempt motion.

**{¶24}** The doctrine of clean hands is based on the maxim of equity that provides "he who comes into equity must come with clean hands." *Seminatore v. Climaco, Climaco, Lefkowitz & Garofoli Co., L.P.A.*, Cuyahoga App.No. 81568, 2003-Ohio-3945, ¶ 26, citing *Marinaro v. Major Indoor Soccer League* (1991), 81 Ohio App.3d 42, 45, 610 N.E.2d 450. "Equity is based upon what is perceived as fair under the circumstances of each case and, when both parties are guilty of injustice, a court of equity will leave them as they are." *Aultcare Corp. v. Roach*, Stark App.No. 2008CA00287, 2009-Ohio-6186, ¶ 44, quoting *Patterson v. Blanton* (1996), 109 Ohio App.3d 349, 354, 672 N.E.2d 208. The application of the doctrine is at the discretion of the trial court. See *Slyh v. Slyh* (1955), 72 Ohio Law Abs. 537, 135 N.E.2d 675.

**{¶25}** Appellant again emphasizes the time delay in appellee's finalization of the QDRO and setting up a rollover account, proposing that this inaction leaves her with unclean hands. However, Ohio courts have recognized that the invocation of the clean hands doctrine does not apply where a party has legal remedies available to address the alleged misconduct of the party seeking the contempt finding. See *Gardner v. Bisciotti*, Franklin App.No. 10AP-375, 2010-Ohio-5875, ¶ 19, citing *Deutsche Bank Natl. Trust Co. v. Pevarski,* 187 Ohio App.3d 455, 932 N.E.2d 887, 2010-Ohio-785. In the case sub judice, appellant had the ongoing opportunity to move his retirement funds into

more conservative investments or cash pending the QDRO, but he chose not to. Under these circumstances, we hold the trial court did not abuse its discretion in declining to apply the clean hands doctrine.

### *Jurisdiction to Modify*

**{¶26}** Appellant additionally contends the trial court should have dismissed the contempt motion on the grounds that the trial court did not have continuing jurisdiction to modify the parties' property division. This Court has recognized that once a court has made an equitable property division, a trial court does not have jurisdiction to modify its decision without consent. See, e.g., *Oberst v. Oberst*, Fairfield App.No. 09-CA-54, 2010-Ohio-452, ¶ 22, citing R.C. 3105.171(I). However, we find no merit in appellant's essential claim that the contempt remedy in this instance constituted an attempt by the trial court to modify the terms of property division in the divorce decree.

**{¶27}** Appellant's First Assignment of Error is therefore overruled.

II.

**{¶28}** In his Second Assignment of Error, appellant contends the trial court erred and abused its discretion in finding him in contempt of court regarding the distribution of his retirement accounts following the parties' divorce. We disagree.

**{¶29}** In dividing property in a divorce, a court attempts to disentangle the parties' economic partnership so as to create finality to the marriage. See *Smith v. Smith*, Franklin App. No. 95APF06-719, 1995 WL 771441, citing *Hoyt v. Hoyt* (1990), 53 Ohio St.3d 177. The gist of appellant's present argument is his assertion that he "complied to the extent it was possible as there simply were not enough funds in his retirement holdings to transfer to [appellee]." Appellant's Brief at 10.

{¶30} The purpose of civil contempt proceedings is to compel compliance with a court's order. See *Natl. Equity Title Agency, Inc. v. Rivera* (2001), 147 Ohio App.3d 246, 252. Our standard of review regarding a finding of contempt is limited to a determination of whether the trial court abused its discretion. *In re Mittas* (Aug. 6, 1994), Stark App.No.1994CA00053. Appellant herein failed to timely approve the QDRO, chose not to convert the funds in the retirement account to a more stable investment alternative pending the division of the account, and declined to pursue any action to ensure the funds were more rapidly divided if he felt the process was lagging.

{¶31} Upon review, we are unable to find an abuse of discretion in the court's utilization of a contempt finding to ensure compliance with its orders under the circumstances of the present case.

{¶32} Appellant's Second Assignment of Error is therefore overruled.

III.

{¶33} In his Third Assignment of Error, appellant contends the trial court erred and abused its discretion in ordering him to pay $48,305.30 (more or less, the figure of $147,959.00 per Paragraph 9 less the March 2009 account value of $99,653.72) to appellee as a remedy in the contempt action. We disagree.

{¶34} Appellant first specifically contends the order to pay $48,305.30 inequitably forces him to bear the entire market loss which ultimately occurred in the retirement account. In other words, appellant maintains that had appellee more actively finalized the QDRO and set up the rollover account, there would likely at least have been some funds left over to appreciate in his favor. Instead, there is now nothing left in his former retirement account at all. Such an argument, however, is plausible only with

the benefit of hindsight. As described in our recitation of facts, we can now look back and see that the retirement funds grew solidly during 2008, but then plummeted during the first quarter of 2009. Had economic history gone differently and had the funds remained steady during these periods, appellant's former account would likewise have been left empty after Paragraph 9 was finally carried out.

**{¶35}** Appellant secondly presents a more complex present/future value argument based on the fact that the $48,305.30 shortfall will now have to be paid from his non-retirement resources, whereas Paragraph 9 was envisioned to have the funds transfer directly from his retirement account to appellee's IRA or similar account. Expert testimony was adduced during the contempt proceedings that the tax-affected value of $48,305.30 is approximately $33,330.00, based on appellee's projected tax rate of 31%. Furthermore, the present value of $33,330.00 as of the date of the decree is $8,660.00, and the present value of $33,330.00 as of the time of the contempt hearing is $9,606.00. Appellant contends that the court should have utilized a remedy of either of these "present value" figures, or, at the very least, that the court should have considered that the transferred retirement funds had again grown from $99,653.72 in March 2009 to more than $105,000.00 in August 2010 (thus lowering the $48,305.30 shortfall figure).

**{¶36}** Nonetheless, because Paragraph 9 specifically directed that appellee was to receive $147,959.00 as of the date of the decree, rather than as of the time of her expected retirement, we find the sum-certain contempt provision was within the bounds of the court's discretion.

**{¶37}** Appellant's Third Assignment of Error is overruled.

IV.

{¶38} In his Fourth Assignment of Error, appellant maintains the trial court erred and abused its discretion in ordering him to pay attorney fees of $2,300.00. We disagree.

{¶39} An award of attorney's fees lies within the sound discretion of the trial court. *Rand v. Rand* (1985), 18 Ohio St.3d 356.

{¶40} R.C. 3105.73(B) states as follows:

{¶41} "In any post-decree motion or proceeding that arises out of an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that motion or proceeding, the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets."

{¶42} In the case sub judice, the trial court heard testimony as to appellee's attempts to resolve the retirement funds issue outside of a contempt action, as well as the amount and reasonableness of appellee's attorney fees. See Tr. at 11-15. Appellant continues to maintain that any violation of Paragraph 9 of the decree on his part was unintentional. However, upon review of the record, and for reasons as we have previously herein set forth, we find the court's assessment of the parties' individual conduct and the corresponding equities involved was not unreasonable, arbitrary or unconscionable.

**{¶43}** Accordingly, appellant's Fourth Assignment of Error is overruled.

**{¶44}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Licking County, Ohio, is affirmed.


By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.


_____

_____

_____

JUDGES

JWW/d 0623

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

ERIN M. NOWINSKI                          :
                                          :
    Plaintiff-Appellee                :
                                          :
-vs-                                      :            JUDGMENT ENTRY
                                          :
ROBERT J. NOWINSKI, ET AL.                :
                                          :
    Defendant-Appellant               :            Case No. 10 CA 115


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Licking County, Ohio, is affirmed.

Costs assessed to appellant.


                                        _____


                                        _____


                                        _____

                                                 JUDGES