[Cite as *Key Bank Natl. Assoc. v. Bolin*, 2011-Ohio-4532.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| KEY BANK NATL. ASSOC. | : | JUDGES: |
| | : | |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2010 CA 00285 |
| TAMARA S. BOLIN | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Stark County Court of
                                                        Common Pleas, Case No. 2009CV00750

JUDGMENT:                                     AFFIRMED

DATE OF JUDGMENT ENTRY:          August 22, 2011

APPEARANCES:

For Defendant-Appellant:                    For Plaintiff-Appellee:

JOHN D. MORRIS                              EDWARD M. KOCHALSKI
P.O. Box 2566                                   P.O. Box 165028
1610 S. Union Ave.                             Columbus, OH 43216-5028
Alliance, OH 44601

*Delaney, J.*

{¶1} Defendant-Appellant Tamara S. Bolin appeals the September 8, 2010 judgment entry of the Stark County Court of Common Pleas in this foreclosure action.

**STATEMENT OF THE FACTS AND CASE**

{¶2} On December 22 1987, Appellant and her then husband, Mark Bolin, acquired title to a leasehold property, with a structure and improvements thereon, located in North Canton, Ohio by virtue of a lease from Defendant, Willowdale Country Club, Inc.

{¶3} Appellant and her husband executed and delivered a Promissory Note ("Note 1") with Defendant-Appellee, Key Bank National Association, in the principal amount of $301,050.00. To secure Note 1, Appellant and her husband executed a mortgage deed on the leasehold property ("Mortgage 1"). On December 11, 2003, Appellant and her husband executed a second promissory note and mortgage with Appellee in the amount of $25,000.00. ("Note 2/Mortgage 2").

{¶4} The obligations in Note 1 and Note 2 are secured by the interest in realty described in Mortgage 1 and Mortgage 2. Appellant's interest is described in the mortgages as fee simple interests described as "[a]ll that parcel of land." This description is incorrect because Appellant only holds a leasehold interest in the property. Willowdale Country Club, Inc. holds a fee simple interest on the property.

{¶5} Appellant failed to make regular monthly payments on Mortgages 1 and 2, thereby defaulting on the mortgages and notes under the terms of the agreements. Appellee initiated foreclosure proceedings on Mortgage 1 against Appellant on February 23, 2009.

{¶6}    Appellant filed a petition for Chapter 7 bankruptcy protection on March 5, 2009.[1]  The foreclosure proceedings were stayed and were not reinstated until June 2009, when Appellee obtained a relief from stay from the Bankruptcy Court.  On June 12, 2009, Appellee filed a motion for default judgment against Appellant for her failure to answer the complaint in foreclosure.  Appellee provided a proposed judgment entry to the motion that listed Appellant's interest in the property as a fee simple interest.

{¶7}    Defendant Willowdale Country Club, Inc. filed an objection to Appellee's proposed judgment entry.  The terms of the proposed judgment entry called for the sale of the real property and such interest would be released from the title to the property upon the confirmation of the sale.  Willowdale Country Club, Inc. objected to the language because it held a fee simple interest in the property.  Willowdale Country Club, Inc.'s objection prompted Appellee to amend its complaint and move for reformation of the mortgages.

{¶8}    Appellant filed her Answer on August 24, 2009.  The parties engaged in mediation but could not successfully resolve the case.

{¶9}    On February 17, 2010, Appellee filed its Motion for Leave to File an Amended Complaint.  Appellee moved to amend its complaint to identify Appellee's interest in the leasehold property and to add the additional counts for Note 2 and Mortgage 2, replevin, and reformation.  The trial court granted the motion on February 18, 2010.

---

[1] Appellant's debts were discharged by the Bankruptcy Court and Appellant is not personally liable on the mortgage.

{¶10} On May 4, 2010, Appellant filed a Third-Party Complaint against Secolink Settlement Services LLC. Appellant had purchased a mortgage title insurance policy from Secolink Settlement Services LLC.

{¶11} Appellee filed its motion for summary judgment on June 14, 2010. Appellee argued there was no genuine issue of material fact on its complaint for foreclosure and the remaining claims for replevin and reformation, arguing the mortgages could be reformed due to mutual mistake between the parties as to Appellant's leasehold interest in the property.

{¶12} The trial court granted Appellee's motion for summary judgment on September 8, 2010. It is from this decision Appellant now appeals.

## ASSIGNMENTS OF ERROR

{¶13} Appellant raises three Assignments of Error:

{¶14} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING APPELLEE BANK LEAVE TO FILE AN AMENDED COMPLAINT WITHOUT GIVING APPELLANT ANY OPPORTUNITY TO RESPOND OR OBJECT.

{¶15} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING REFORMATION OF THE MORTGAGE LANGUAGE.

{¶16} "III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING FORECLOSURE WHEN THE BANK ACTED IN BAD FAITH/MISREPRESENTED TO APPELLANT THAT SHE WAS BEING APPROVED FOR A LOAN MODIFICATION PROGRAM."

# I.

{¶17} Appellant argues in her first Assignment of Error that the trial court abused its discretion in granting Appellee's motion for leave to file an amended complaint. We disagree.

{¶18} Civ.R. 15(A) provides:

{¶19} "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within fourteen days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders."

{¶20} Civ.R. 15(A) provides that a party may seek leave of court to amend its pleading and that leave "shall be freely given when justice so requires." While Civ.R. 15(A) encourages liberal amendment, "motions to amend pleadings pursuant to Civ.R.15(A) should be refused if there is a showing of bad faith, undue delay, or undue prejudice to the opposing party." *Turner v. Central Local School Dist.* (1999), 85 Ohio St.3d 95, 99, 706 N.E.2d 1261. The decision of whether to grant or deny a motion to amend is within the trial court's discretion, an appellate court reviews such a ruling under an abuse of discretion standard. *Wilmington Steel Products, Inc. v. Cleveland Elec. Illuminating Co.* (1991), 60 Ohio St.3d 120, 122, 573 N.E.2d 622.

{¶21} We can find no abuse of discretion in allowing Appellee to amend its complaint to include the additional claims of Note 2/Mortgage 2, replevin, and reformation. The record does not demonstrate bad faith or undue delay on the part of Appellee. Appellant suffered no undue prejudice because she was able to respond to Appellee's claims through her answer and her response to Appellee's motion for summary judgment.

{¶22} Appellant's first Assignment of Error is overruled.

**II.**

{¶23} Appellant contends in her second Assignment of Error that the trial court erred in granting summary judgment in favor of Appellee.

{¶24} We review a summary judgment de novo and without deference to the trial court's determination. When an appellate court reviews a trial court's disposition of a summary judgment motion, it applies the same standard of review as the trial court and conducts an independent review, without deference to the trial court's determination. We must affirm the trial court's judgment if any grounds the movant raised in the trial court support it. *Westbrook v. Swiatek*, 5th Dist. No. 09CAE09–0083, 2011-Ohio-781, ¶43.

{¶25} Pursuant to Civ.R. 56(C), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."

{¶26} The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 1996-Ohio-107, 662 N.E.2d 264. The nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801.

{¶27} Appellant states the trial court erred in finding that reformation of the notes and mortgages was appropriate due to mutual mistake of the parties. The trial court found in its judgment entry granting summary judgment in favor of Appellee that due to scrivener's error, excusable neglect, and a mutual mistake of fact between the parties, the mortgages contained an incorrect legal description which identified the security as a fee simple interest rather than a leasehold interest. The entry stated, "[a] party cannot mortgage more than they own. To suggest that the defendants Bolin intended to mortgage a fee simple interest is to impute to them something beyond an understandable mistake. Plaintiff has not suggested otherwise nor is there any other evidence before the court indicating anything except a simple mistake."

{¶28} In *Dornbirer v. Conrad*, (Nov. 20, 2000), 5th Dist. No. 99-CA-26, this Court stated:

{¶29} "Reformation of an instrument based on mutual mistake is permitted only where there is clear proof that the parties to the instrument made the same mistake and that both parties understood the instrument as the party seeking reformation alleges it

ought to have been. See *Snedegar v. Midwestern Indemn. Co.* (1988), 44 Ohio App.3d 64, 69, 541 N.E.2d 90. The party alleging mutual mistake has the burden of proving its existence by clear and convincing evidence. *Castle v. Daniels* (1984), 16 Ohio App.3d 209, 475 N.E.2d 149."

{¶30} Appellant states that Appellee failed to show clear proof of mutual mistake as to Appellant's interest because Appellant knew that she held only a leasehold interest; therefore, only Appellee made the mistake. As the trial court indicated, however, Appellant could not give Appellee a security interest that she did not possess. It is undisputed that Willowdale Country Club, Inc. owns the underlying fee and Appellant owns the remaining interests.

{¶31} We differentiate this case from one where we determined there was a genuine issue of material fact as to whether a mortgage assignee was entitled to the reformation of a deed due to a scrivener's error and mutual mistake of fact. In *JP Morgan Chase Bank, N.A. v. Qualls*, 170 Ohio App.3d 128, 2007-Ohio-639, 866 N.E.2d 71, the appellant owned an undivided one-third interest in property and his parents each owned the remaining one-third interests. The appellant executed a note and mortgage on his property that was assigned to the appellee, JP Morgan Chase Bank. The appellant defaulted on the mortgage and the appellee initiated foreclosure proceedings. The appellee sought to have the deed reformed to transfer the entire interest, not just appellant's undivided one-third interest, in the subject property to the appellant. The appellee moved for summary judgment and the trial court granted the appellee's motion, finding that there was no genuine issue of material fact that the parties intended to transfer their entire interest in the property to the appellant, even though the deed

transferring the property to the appellant from his parents stated that the parents granted the appellant an undivided one-third interest in the real property. On appeal, we reversed the decision of the trial court because we found no clear proof in the record of a scrivener's error or mutual mistake to warrant a finding of judgment as a matter of law for the appellee.

{¶32} In the present case, the record does not present the same factual support for Appellant's arguments that there was no scrivener's error or mutual mistake of fact. There is no factual dispute that Willowdale Country Club, Inc. is the owner of the underlying fee simple and Appellant owns a leasehold interest. Appellant acknowledged that she knew she held only a leasehold interest in the property. Appellee in this case, as opposed to the appellee in the case above, is not contradicting the terms of the parties' interests but rather remedying an error in its mortgage documents to reflect the actual terms of the parties' interests. We find that reasonable minds could not conclude otherwise.

{¶33} Appellant's second Assignment of Error is overruled.

**III.**

{¶34} Appellant argues in her third Assignment of Error that the trial court erred and abused its discretion in granting Appellee's motion for summary judgment when Appellee acted in bad faith and misrepresented to Appellant that she could participate in a loan modification program.

{¶35} Appellant argued as a defense in her answer and responded to Appellee's motion for summary judgment that Appellee was estopped from seeking equitable relief

because of the doctrine of unclean hands. Appellant states that Appellee would not allow Appellant to participate in a loan modification program to bring her default current.

{¶36} The doctrine of clean hands is based on the maxim of equity that provides "he who comes into equity must come with clean hands." *Seminatore v. Climaco, Climaco, Lefkowitz & Garofoli Co., L.P.A.*, 8th Dist. No. 81568, 2003–Ohio–3945, ¶ 26, citing *Marinaro v. Major Indoor Soccer League* (1991), 81 Ohio App.3d 42, 45, 610 N.E.2d 450. The application of the doctrine is at the discretion of the trial court. *Nowinski v. Nowinski*, 5th Dist. No. 10 CA 115, 2011-Ohio-3561, ¶24 citing *Slyh v. Slyh* (1955), 72 Ohio Law Abs. 537, 135 N.E.2d 675.

{¶37} The mortgage document in this case contains a clause that permits the lender to accept payments from the borrower but that does not waive any of the borrower's obligations under the mortgage or prevent the lender from insisting on the strict performance of the mortgage obligations. Under the terms of the mortgages, Appellee was not required to allow Appellant to participate in loan modification. We find Appellant has failed to provide Civ.R. 56 evidence to demonstrate a genuine issue of material fact to allow reasonable minds to conclude otherwise.

{¶38} Appellant's third Assignment of Error is overruled.

{¶39} The judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, J.

Farmer, P.J. and

Wise, J. concur.

HON. PATRICIA A. DELANEY

HON. SHEILA G. FARMER

HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

|                                 |   |                     |
|---------------------------------|---|---------------------|
| KEY BANK NATL. ASSOC.           | : |                     |
|                                 | : |                     |
|                                 | : |                     |
|                                 | : |                     |
| Plaintiff-Appellee              | : |                     |
|                                 | : | JUDGMENT ENTRY      |
| -vs-                            | : |                     |
|                                 | : |                     |
| TAMARA S. BOLIN                 | : |                     |
|                                 | : | Case No. 2010 CA 00285 |
|                                 | : |                     |
| Defendant-Appellant             |   |                     |

For the reasons stated in our accompanying Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to Appellant.

HON. PATRICIA A. DELANEY

HON. SHEILA G. FARMER

HON. JOHN W. WISE