OPINION
{¶ 1} Defendant-appellant, Lori Urquhart, now known as Lori Wilson, appeals the decision of the Butler County Court of Common Pleas granting the summary judgment motion of plaintiff-appellee, Chase Manhattan Mortgage Corporation ("Chase"), in a foreclosure action. We affirm the common pleas court's decision.
 {¶ 2} In August 1996, appellant signed a promissory note under which Chase's predecessor in interest loaned appellant $71,963 to be repaid over 30 years. The parties also executed an open-end mortgage, securing the loan and encumbering property located in Middletown.
 {¶ 3} In November 2002, Chase filed a foreclosure complaint in the common pleas court, alleging that appellant was in default on the promissory note and owed Chase $67,744.16 plus interest. Appellant filed an answer in January 2003, generally denying that she was in default. In May 2003, the court ordered the parties to mediation, which proved unsuccessful. Chase subsequently filed a motion for summary judgment in August 2003. After appellant failed to respond to Chase's motion, the court granted summary judgment to Chase in September 2003.
 {¶ 4} Appellant moved for leave to file a counterclaim in September 2003 and, in November 2003, moved to vacate the court's summary judgment decision. Without leave of court, appellant filed a counterclaim in December 2003, alleging promissory estoppel and fraud. Later in December 2003, the court denied appellant's motion to vacate the summary judgment decision and appellant's motion for leave to file a counterclaim.
 {¶ 5} The property encumbered by the mortgage was subsequently appraised at $67,500, and a sheriff's sale was scheduled. Appellant moved to set aside the appraisal, arguing that the property had an actual value of $85,000. After a hearing, the common pleas court denied appellant's motion. The sheriff's sale took place in April 2004 at which Chase purchased the property for $55,000. The court confirmed the sale and ordered distribution in September 2004.
 {¶ 6} In October 2004, appellant filed a "motion to vacate judgment entry confirming sale and ordering distribution." The common pleas court issued an entry finding that because appellant had already filed her appeal in the matter, the court did not have jurisdiction to hear the motion.
 {¶ 7} Appellant now appeals the common pleas court's decision granting summary judgment and the court's subsequent orders with respect to the sheriff's sale. Appellant assigns four errors.
 {¶ 8} Assignment of Error No. 1:
 {¶ 9} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT/APPELLANT BY GRANTING PLAINTIFF/APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON ITS FORECLOSURE CLAIM."
 {¶ 10} In this assignment of error, appellant argues that the common pleas court erred in granting Chase's summary judgment motion, and in denying her motion for leave to file a counterclaim. Appellant argues that her counterclaims of promissory estoppel and fraud "went directly to the heart of the issue of whether Chase was entitled to foreclose on the mortgage contract," and should have prevented summary judgment to Chase.
 {¶ 11} Summary judgment is proper where (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can only come to a conclusion adverse to the party against whom the motion is made, construing the evidence most strongly in that party's favor. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66. We review the granting of a summary judgment motion de novo. Burgess v. Tackas (1998),125 Ohio App.3d 294, 296.
 {¶ 12} Pursuant to Civ.R. 56(C), the party that moves for summary judgment bears the initial burden of informing the court of the basis for the motion, and demonstrating the absence of a genuine issue of material fact. Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107. If the moving party meets its burden, the nonmoving party must set forth specific facts showing a genuine issue for trial. Id. Civ.R. 56(E) provides as follows:
 {¶ 13} "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."
 {¶ 14} The record shows that Chase met its initial burden of demonstrating the absence of a genuine issue of material fact for trial. Chase attached to its summary judgment motion a copy of the promissory note and the open-end mortgage entered into by appellant and Chase's predecessor in interest. Chase also attached an affidavit of one of its servicing agents stating that appellant's loan account was in default, and that the balance was due. The affidavit further stated that appellant was not incompetent, a minor, or in the military service.
 {¶ 15} The record shows that appellant did not meet her reciprocal burden of setting forth specific facts showing a genuine issue of material fact for trial. Appellant did not timely respond to Chase's summary judgment motion within the 14 days provided by the local rules. Appellant did file an answer to the foreclosure complaint, generally denying that she was in default. However, appellant could not rest on those denials. See Civ.R. 56(E).
 {¶ 16} Appellant argues in her brief that she raised genuine factual issues related to her promissory estoppel and fraud claims during the proceedings before the common pleas court. Appellant implies that she raised those facts prior to the common pleas court's summary judgment decision. Appellant states that those facts were the reason the common pleas court referred the case to mediation prior to the filing of Chase's summary judgment motion. However, the record is silent as to the reasons the common pleas court referred the case to mediation and does not indicate that appellant raised any genuine issues of fact prior to the court's summary judgment decision. Accordingly, we find no error in the common pleas court's decision granting summary judgment to Chase. The record does not show that appellant raised any genuine issues of fact to the court via a response to Chase's summary judgment motion or otherwise.
 {¶ 17} We now address the common pleas court's denial of appellant's motion for leave to file a counterclaim. Civ.R. 13(F) provides as follows: "When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment." It is within a trial court's discretion whether or not a party may, under appropriate circumstances, amend a responsive pleading to include a counterclaim, and the court's decision will not be disturbed absent a showing of an abuse of that discretion. Monaco v. Ted Terranova Sales,Inc. (Aug. 28, 1984), Franklin App. No. 83AP-352, 1984 WL 5875, at *6;National City Bank v. Fleming (1981), 2 Ohio App. 3d 50, 54.
 {¶ 18} We find no abuse of discretion by the common pleas court in denying appellant's motion for leave to file a counterclaim. Appellant sought leave to file a counterclaim for promissory estoppel and fraud well after the complaint and time for answer had passed. Appellant did not set forth promissory estoppel and fraud as affirmative defenses in her answer as required by Civ.R. 8(C), and therefore had waived those defenses. Thereafter, appellant did not attempt to file a counterclaim until almost one year after the complaint was filed and summary judgment had already been granted. Accordingly, we find no abuse of discretion by the common pleas court in denying appellant's motion for leave to file a counterclaim.
 {¶ 19} Based on the above analysis, we overrule appellant's first assignment of error. The common pleas court did not err in granting summary judgment to Chase or in denying appellant's motion for leave to file a counterclaim.
 {¶ 20} Assignment of Error No. 2:
 {¶ 21} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT/APPELLANT IN ORDERING THE SHERIFF'S SALE WHEN THE APPRAISAL REQUIRED BY R.C. 2329.17
WAS NOT CONDUCTED IN COMPLIANCE WITH OHIO LAW."
 {¶ 22} In this assignment of error, appellant argues that the appraisal of the mortgaged property was not conducted in compliance with R.C. 2329.17 because it was not conducted "upon actual view" of the house on the premises. Appellant argues that it was error for the common pleas court to order the sheriff's sale under such circumstances.
 {¶ 23} The decision to order a sheriff's sale will not be disturbed on appeal absent an abuse of discretion. See Ohio Sav. Bank v. Ambrose
(1990), 56 Ohio St.3d 53, 55. An abuse of discretion involves more than an error of judgment; it connotes an attitude that is unreasonable, unconscionable, or arbitrary. Franklin Cty. Sheriff's Dept. v. StateEmp. Relations Bd. (1992), 63 Ohio St.3d 498, 506.
 {¶ 24} We find that appellant has failed to demonstrate how she was prejudiced by the alleged error. As Chase points out, appellant's monetary obligation to Chase had been discharged during proceedings before the bankruptcy court. Appellant owed Chase nothing beyond the collateral given for the loan: the real property. Even if the sale price would have been somewhat higher due to a higher appraisal, appellant still had no obligation to pay Chase the difference between the sale price and the amount of the outstanding loan debt. Further, appellant has not made any attempt to argue that, had the appraisal been $85,000, the property would have sold for more than the $67,744.16 she owed Chase, and that she would have been entitled to the excess proceeds. We note that the property sold for $55,000 after being appraised at $67,500. Accordingly, because appellant has failed to show prejudice due to the alleged error, we overrule appellant's second assignment of error.
 {¶ 25} Assignment of Error No. 3:
 {¶ 26} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT/APPELLANT IN CONFIRMING THE SHERIFF'S SALE WHILE THE CASE REMAINED PENDING ON APPEAL."
 {¶ 27} In this assignment of error, appellant argues that the common pleas court could not confirm the sheriff's sale because it lost jurisdiction "to conduct further substantive proceedings" once appellant filed a notice of appeal of the foreclosure judgment. Appellant argues that the common pleas court acted in a manner that was "inconsistent with the authority of the appellate court to review and to affirm, reverse, vacate, or modify the trial court's judgment."
 {¶ 28} The filing of a notice of appeal does not completely divest a trial court of jurisdiction over a case; rather, "a trial court retains all jurisdiction which does not conflict with the jurisdiction of the appellate court." Hagood v. Gail (1995), 105 Ohio App.3d 780, 784, citing Yee v. Erie Cty. Sheriff's Dept. (1990), 51 Ohio St.3d 43, 44. It is well established that unless a stay has been obtained, a trial court retains jurisdiction to enforce a final judgment and to initiate any proceedings in support of that judgment. Strah v. Lake Cty. Humane Soc.
(1993), 90 Ohio App.3d 822, 836; State ex rel. Klein v. Chorpening
(1983), 6 Ohio St.3d 3, 4.
 {¶ 29} The record does not show that appellant obtained a stay of the execution of the common pleas court's foreclosure judgment either from the common pleas court or from this court. Accordingly, because appellant did not obtain a stay, the common pleas court had jurisdiction to enforce its final judgment by confirming the sheriff's sale. We overrule appellant's third assignment of error.
 {¶ 30} Assignment of Error No. 4:
 {¶ 31} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT/APPELLANT IN SETTING AN EXORBITANT BOND BEFORE DEFENDANT/APPELLANT COULD HAVE A STAY OF EXECUTION PURSUANT TO RULE 62 OF THE OHIO RULES OF CIVIL PROCEDURE."
 {¶ 32} In this assignment of error, appellant argues that the common pleas court erred in setting a $70,000 bond as a condition for granting a stay of execution of its judgment. Appellant argues that the $70,000 bond was "arbitrary and unreasonable."
 {¶ 33} App.R. 9(A) defines the record on appeal as follows: "The original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court[.]"
 {¶ 34} As appellant states in her brief, the common pleas court "never journalized its decision" setting the bond. Consistent with that statement, we find nothing in the record, as defined in App.R. 9(A), concerning the common pleas court's setting of a bond. Because the record before us does not show the prejudicial error argued by appellant, we must overrule appellant's fourth assignment of error.
 {¶ 35} Judgment affirmed.
Walsh and Bressler, JJ., concur.