PER CURIAM MEMORANDUM OPINION
{¶ 1} Appellant, Teri Lynn Nemeth, appeals the May 6, 2008 judgment of the Geauga County Court of Common Pleas, which addressed appellant's post-divorce decree "Statement to the Court No Jurisdiction of Trial Court or GAL vacate and Certify to Lake" and "Amendment to Statement No Jurisdiction of Trial Court or GAL: Vacate and Certify to Lake," filed on April 24, 2008. The trial court construed these filings as a *Page 2 
motion to transfer the case to the Lake County Juvenile Court and denied the motion. Appellant argued the trial court lacked jurisdiction over the parties' divorce because the parties' then 18-year old son Nicholas had previously been adjudicated a juvenile traffic offender by the Lake County Juvenile Court on October 19, 2005. She argued the Lake County Juvenile Court had jurisdiction over the divorce, and requested an order transferring the divorce case to that court. Appellant did not dispute that the parties at all relevant times were residents of Geauga County, nor did she allege any facts militating against the trial court's exercise of jurisdiction of the divorce case. Further, she did not provide any legal grounds by which the Lake County Juvenile Court could exercise jurisdiction over this or any divorce case.
 {¶ 2} Our review of the trial docket in the underlying case indicates that on May 6, 2008, the date the trial court's judgment on these filings was entered, appellant's appeal of the trial court's divorce decree in Nemeth v. Nemeth, 11th Dist. No. 2007-G-2791, 2008-Ohio-3263
("Nemeth I "), was pending. Our review of the appellate docket inNemeth I reveals that, prior to the release of our opinion in that case, the divorce case had never been remanded to the trial court for the purpose of ruling on the foregoing post-decree motion, and appellant had never moved this court to remand the case to the trial court for that limited purpose.
 {¶ 3} As a general proposition, the taking of an appeal from a final order does not deprive a trial court of all jurisdiction over the subject case. Chase Manhattan Mtge. Corp. v. Urquhart, 12th Dist. Nos. CA2004-04-098 CA2004-10-271, 2005-Ohio-4627, at ¶ 28. Notwithstanding the filing of a notice of appeal, a trial court retains all jurisdiction which does not conflict with the ability of the appellate court to reverse, *Page 3 
modify, or affirm the trial court's final judgment. Yee v. Erie Cty.Sheriff's Dept. (1990), 51 Ohio St.3d 43, 44. Thus, for example, a trial court retains the ability to enforce the appealed judgment so long as a stay of execution has not been issued. Chase Manhattan Mtge. Corp., supra. On the other hand, a trial court loses the ability to rule upon a Civ. R. 60(B) motion to vacate a judgment because the granting of such relief would conflict with the appellate court's jurisdiction to fully review the final order. State ex rel. Newton v. Court of Claims (1995),73 Ohio St.3d 553, 558. An appeal divests trial courts of jurisdiction to consider Civ. R. 60(B) motions to vacate a judgment. Howard v.Catholic Social Services (1994), 70 Ohio St.3d 141, 147.
 {¶ 4} We note that if the trial court had granted appellant's motion, thus finding the trial court did not have jurisdiction over the parties' divorce, such judgment would have resulted in vacating the divorce decree and would have been in conflict with our ability to reverse, modify, or affirm the trial court's final judgment. The trial court thus lacked jurisdiction to rule on appellant's motion.
 {¶ 5} Pursuant to the foregoing discussion, it is the sua sponte order of this court that the instant appeal is hereby dismissed for lack of a final appealable order.
CYNTHIA WESTCOTT RICE, J., COLLEEN MARY O'TOOLE, J., TIMOTHY P. CANNON, J., concur. *Page 1