MEMORANDUM OPINION
{¶ 1} Appellant, Teri Lynn Nemeth, appeals the April 9, 2008 judgment of the Geauga County Court of Common Pleas, denying her post-divorce decree "Amendment: add, Orders to Civ. R. 60(B) Renewed Motion to Object," and appellant's "Motion [to join] 11 New Party Defendants," filed on March 21, 2008. In its judgment entry, the trial court found it had no jurisdiction to rule on these filings because they conflicted with her appeal, which challenged all aspects of the decree. *Page 2 
 {¶ 2} The trial court's docket in the parties' divorce case indicates that on April 9, 2008, the date the trial court entered its judgment denying appellant's motions, appellant's appeal of her divorce decree was pending before this court in Nemeth v. Nemeth, 11th Dist. No. 2007-G-2791, 2008-Ohio-3263 ("Nemeth I"). The appellate docket inNemeth I shows that, prior to the release of our opinion in Nemeth I,the divorce case had never been remanded to the trial court for the purpose of ruling on the foregoing March 21, 2008 filings, and appellant never moved this court to remand the case to the trial court for that limited purpose.
 {¶ 3} As a general proposition, the taking of an appeal from a final order does not deprive a trial court of all jurisdiction over the subject case. Chase Manhattan Mtge. Corp. v. Urquhart, 12th Dist. Nos. CA2004-04-098 CA2004-10-271, 2005-Ohio-4627, at ¶ 28. Notwithstanding the filing of a notice of appeal, a trial court retains all jurisdiction which does not conflict with the ability of the appellate court to reverse, modify, or affirm the subject judgment. Yee v. Erie Cty.Sheriff's Dept. (1990), 51 Ohio St.3d 43, 44. Thus, for example, a trial court retains the ability to enforce the appealed judgment so long as a stay of execution has not been issued. Chase Manhattan Mtge. Corp., supra. On the other hand, a trial court loses the ability to rule upon a Civ. R. 60(B) motion because the granting of such relief would conflict with the appellate court's jurisdiction to fully review the final order.State ex rel. Newton v. Court of Claims (1995), 73 Ohio St.3d 553, 558. An appeal divests trial courts of jurisdiction to consider Civ. R. 60(B) motions for relief from judgment. Howard v. Catholic SocialServices (1994), 70 Ohio St.3d 141, 147. Therefore, since the trial court did not have jurisdiction to rule on appellant's Civ. R. 60(B) motion for relief from judgment, it did not have jurisdiction to consider her amendment to that motion. The trial court thus correctly held that it lacked *Page 3 
jurisdiction to consider the merits of appellant's amendment to her Civ. R. 60(B) motion.
 {¶ 4} Further, since appellant moved to join new parties-defendant in the underlying divorce case after the trial had concluded and after final judgment had been entered, the trial court no longer had jurisdiction to join new parties. If the court had joined new parties post-decree, such ruling would have been inconsistent with the finality of the divorce decree and would have conflicted with our ability to review the divorce decree. The trial court correctly noted in its April 9, 2008 judgment entry that, because the divorce was currently on appeal, it lacked jurisdiction to consider appellant's filings.
 {¶ 5} We agree with the trial court's comment in the judgment entry that appellant has demonstrated a limited grasp of the Civil Rules. We would further observe that appellant's eight appeals from the trial court's rulings on her post-decree motions, which we dismiss today, appear to be based on the most tenuous of grounds and, at least potentially, frivolous. While appellant has chosen to represent herself in these matters, the law requires she be held to the same requirements as a party represented by counsel. To that end, if any subsequent appeal proves to be frivolous and results in reasonable attorney's fees to appellee, this court will not hesitate to hold appellant liable for them. See App. R. 23.
 {¶ 6} Pursuant to the foregoing discussion, it is the sua sponte order of this court that the instant appeal is hereby dismissed for lack of a final appealable order.
CYNTHIA WESTCOTT RICE, J., COLLEEN MARY O'TOOLE, J., TIMOTHY P. CANNON, J., concur. *Page 1