MEMORANDUM OPINION
{¶ 1} Appellant, Teri Lynn Nemeth, appeals the April 24, 2008 judgment of the Geauga County Court of Common Pleas, denying her post-divorce decree motion for increase in the spousal support award, motion for control of residence, and "Motion to Admit Motion with Cause for Child Abuse/Neglect/Endangering." The trial court denied the motions regarding spousal support and property division on the ground that both issues were currently on appeal.
 {¶ 2} The trial court's docket in the parties' divorce case indicates that on April *Page 2 
24, 2008, the date the trial court entered its judgment on appellant's motions, appellant's appeal of the divorce decree was pending before this court in Nemeth v. Nemeth, 11th Dist. No. 2007-G-2791,2008-Ohio-3263 ("Nemeth I"). The appellate docket in Nemeth I reveals that, prior to the issuance of our opinion in Nemeth I, the case had never been remanded to the trial court for the purpose of ruling on the foregoing post-decree motions, and appellant had never moved this court to remand the case to the trial court for that limited purpose.
 {¶ 3} As a general proposition, the taking of an appeal from a final order does not deprive a trial court of all jurisdiction over the subject case. Chase Manhattan Mtge. Corp. v. Urquhart, 12th Dist. Nos. CA2004-04-098 CA2004-10-271, 2005-Ohio-4627, at ¶ 28. Notwithstanding the filing of a notice of appeal, a trial court retains all jurisdiction which does not conflict with the ability of the appellate court to reverse, modify, or affirm the subject judgment. Yee v. Erie Cty.Sheriff's Dept. (1990), 51 Ohio St.3d 43, 44. Thus, for example, a trial court retains the ability to enforce the appealed judgment so long as a stay of execution has not been issued. Chase Manhattan Mtge. Corp., supra.
 {¶ 4} In Nemeth I, appellant appealed the trial court's award of spousal support and property division. As a result, appellant's post-decree motions to increase spousal support and to give her possession of the marital residence, which had been awarded to appellee in the divorce decree, would have conflicted with our ability to review the divorce decree. The trial court thus lacked jurisdiction to consider appellant's post-decree motions to increase spousal support and for control of the marital residence.
 {¶ 5} We further note that the Ohio Supreme Court in Ressler v.Ressler (1985), 17 Ohio St.3d 17, syllabus, held a domestic relations court does not have continuing jurisdiction to modify a spousal support award that was made for a fixed period of years, *Page 3 
unless the court expressly reserves jurisdiction to modify the award. The General Assembly codified the holding in Ressler at
R.C. 3105.18(E)(1). The trial court's divorce decree awarded appellant spousal support for a limited period of years, and did not retain jurisdiction to modify the award. For this additional reason, the trial court did not have jurisdiction to entertain her motion to increase spousal support.
 {¶ 6} Next, with respect to appellant's motion "for child abuse/neglect," R.C. 2151.23(A)(1) provides: "The juvenile court hasexclusive original jurisdiction under the Revised Code concerning any child who on the date specified in the complaint * * * is alleged to * * * be * * * a[n] * * * abused, neglected, or dependent child * * *." (Emphasis added.) As a result, the trial court did not have jurisdiction to consider appellant's motion alleging her 17 and 18-year old children were abused or neglected. With a claim of abuse or neglect, such complaint would have to be filed in juvenile court. Domestic relations court does not have jurisdiction to consider these issues, except to the extent they impact the custody decision.
 {¶ 7} Pursuant to the foregoing discussion, it is the sua sponte order of this court that the instant appeal is hereby dismissed for lack of a final appealable order.
CYNTHIA WESTCOTT RICE, J., COLLEEN MARY O'TOOLE, J., TIMOTHY P. CANNON, J., concur. *Page 1