[Cite as *Fifth Third Mtge. Co. v. Wizzard*, 2014-Ohio-73.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| FIFTH THIRD MORTGAGE COMPANY, | : | |
| Plaintiff-Appellee, | : | CASE NO.  CA2013-03-046 |
| | : | O P I N I O N |
| - vs - | | 1/13/2014 |
| | : | |
| MAUREEN WIZZARD, et al., | : | |
| Defendants-Appellants. | : | |


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2011-12-4264


Nicholas M. Smith, P. O. Box 165028, Columbus, Ohio 43216, for Plaintiff-Appellee

Worrell A. Reid, 6718 Loop, #2, Centerville, Ohio 45459, for Defendant-Appellant, Maureen Wizzard, Individually and as Trustee

. . . . . . . . . .

**DONOVAN, J.**

{¶ 1}   Defendant-appellant, Maureen Wizzard, appeals the trial court's February 25, 2013 Confirmation Entry of Sale and Distribution of Proceeds in a foreclosure action initiated by plaintiff-appellee, Fifth Third Mortgage Company.  Wizzard filed a timely notice of appeal on March 25, 2013.

{¶ 2}   The issue before us on appeal is whether the trial court erred in confirming the sheriff's sale of Wizzard's property commonly known as 7310 Ridge Meadow Court, West

Chester, Ohio, 45069 (the "Property"). Because the trial court had jurisdiction to confirm the sale and because Wizzard failed to demonstrate that her property was not appraised upon actual view, this court finds that the lower court did not abuse its discretion, and accordingly, we affirm the sale of the Property.

{¶ 3} On February 7, 2005, Wizzard executed a promissory note in favor of Fifth Third in the principal amount of $185,000. Wizzard executed a mortgage that secured the note and purchased the Property. On December 15, 2006, Wizzard transferred title to herself, as the trustee of the Reid-Wizzard Family Trust. On December 7, 2011, Fifth Third filed a complaint in foreclosure, alleging it was the holder of the note secured by the mortgage on the Property and that the note was in default in the amount of $171,584.16, with interest at a rate of six percent per annum from December 1, 2010. Following the trial court's Judgment Entry and Decree in Foreclosure, but prior to the actual sale of the Property, the sheriff called upon three disinterested parties to appraise the Property who took an oath to appraise the Property upon actual view. Based on the recommendations of the three parties, the Property was valued at $240,000.

{¶ 4} Wizzard filed her answer to Fifth Third's complaint on January 3, 2012. Fifth Third moved for summary judgment against Wizzard on April 10, 2012. On April 26, 2012, Wizzard filed her memorandum in opposition to Fifth Third's motion for summary judgment. Ultimately, on July 19, 2012, the trial court granted a Judgment Entry and Decree in Foreclosure in favor of Fifth Third, whereupon the Property was appraised, advertised, and sold on January 10, 2013 to a disinterested third party at a sheriff's sale for $213,500 (approximately 89 percent of the appraised value). On February 25, 2013 the trial court filed its Confirmation Entry of Sale and Distribution of Proceeds.

{¶ 5} Earlier on November, 14, 2012, Wizzard had filed a notice of appeal in Case

No. CA2012-11-226, resulting from the same controversy, but arguing separate claims than the assignments of error in the instant appeal. At no time, however, did Wizzard post a supersedeas bond which would have acted to stay a sale of the Property. On February 15, 2013, Wizzard filed a Notice Regarding Lack of Jurisdiction to Confirm Sale, asserting that her appeal operated as a stay of execution of the judgment, and further alleging that the trial court did not have jurisdiction to confirm the sale. On March 25, 2013, Wizzard filed a Motion to Stay Execution and Eviction Pending Appeal with the Butler County Common Pleas Court. The motion was denied. On March 28, 2013, the Twelfth District Court of Appeals granted Wizzard a stay of execution contingent upon her posting a supersedeas bond in the amount of $345,000. The record establishes that Wizzard did not post a supersedeas bond.

{¶ 6} Wizzard's first assignment of error is as follows:

{¶ 7} THE TRIAL COURT'S SUA SPONTE CONFIRMATION ENTRY OF SALE AND DISTRIBUTION OF PROCEEDS DURING THE PENDENCY OF THE APPEAL OF THE PREVIOUSLY ISSUED JUDGMENT ENTRY AND DECREE IN FORECLOSURE WAS THE PRODUCT OF A SEPARATE PROCEEDING NOT IN THE AID OF EXECUTION, AND IS VOID AS JURISDICTION WAS IN THE COURT OF APPEALS [SIC].

{¶ 8} In her first assignment, Wizzard contends that the trial court erred by confirming the sale of the Property while her appeal in Case No. CA2012-11-226 was still pending. R.C. 2505.09 states that an appeal does not operate as a stay of execution until a supersedeas bond has been posted. The Twelfth District and the Ohio Supreme Court have ruled that an appeal from the order of a trial court cannot function as a stay of proceedings absent a bond. It is well-established that unless a stay has been obtained, a trial court retains jurisdiction to enforce a final judgment and to initiate any proceedings in support of that judgment. *Strah v. Lake Cty. Humane Soc.*, 90 Ohio App.3d 822, 836, 631 N.E.2d 165 (11th Dist.1993), citing

*State ex rel. Klein v. Chorpening*, 6 Ohio St.3d 3, 450 N.E.2d 1161 (1983).

{¶ 9} For example, in *Chase Manhattan Mortgage Corp. v. Urquhart*, 12th Dist. Butler Nos. CA2004-04-098, CA2004-10-271, 2005-Ohio-4627, ¶ 27, the appellant argued that the common pleas court could not confirm the sheriff's sale for lack of jurisdiction "to conduct further substantive proceedings" once appellant filed a notice of appeal of the foreclosure judgment. The Twelfth District concluded that the trial court retained jurisdiction even though the appellant had a pending appeal because she failed to properly obtain a stay of execution. *Id.*, at ¶ 28-29.

{¶ 10} In the instant case, the trial court possessed the requisite jurisdiction to confirm the sale of the Property. There is nothing in the record that indicates a stay of execution was obtained in either the trial court or the Twelfth District Court of Appeals.

{¶ 11} Wizzard, however, asserts that merely filing a notice of appeal operates as a stay of execution. Wizzard is incorrect. Upon review, we conclude that because no supersedeas bond has been posted, Wizzard's notice of appeal, standing alone, does not operate as a stay. Accordingly, pursuant to R.C. 2505.09 and the Twelfth District's Entry granting her stay *contingent upon* the bond being posted, a notice of appeal is not sufficient for a stay of proceedings. Thus, the trial court retained jurisdiction to enforce the final judgment through the Confirmation Entry of Sale.

{¶ 12} Wizzard's first assignment of error is overruled.

{¶ 13} Wizzard's second and final assignment of error is as follows:

{¶ 14} THE TRIAL COURT'S SUA SPONTE CONFIRMATION ENTRY OF SALE AND DISTRIBUTION OF PROCEEDS WAS AN ABUSE OF DISCRETION AND CONTRARY TO LAW, INCLUDING APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS.

{¶ 15} In her final assignment of error, Wizzard argues that the appraisal of the

Property was not upon "actual view," resulting in the appraisal of $240,000 being too low. In foreclosure proceedings, appraisals are to comply with standards pursuant to R.C. 2329.17, which states in pertinent part:

> When execution is levied upon lands and tenements, the officer who makes the levy shall call an inquest of three disinterested freeholders . . . and administer to them an oath impartially to appraise the property so levied upon, upon *actual view*. They forthwith shall return to such officer, under their hands, an estimate of the real value of the property in money. (Emphasis added.)

Although the statute provides that appraisers value the property "upon actual view," appraisals are often made without actually entering the premises. Courts have held that an appraiser's failure to enter the premises does not require a sheriff's sale to be set aside. In *National Union Fire Insurance Co. v. Hall*, 2d Dist. Montgomery No. 19331, 2003-Ohio-462, the defendant argued that a confirmation and distribution of sale should not have been confirmed since the property was not appraised "upon actual view." The court held that the defendant failed to show how he was prejudiced by the appraiser's failure to enter the house and view the interior of the home prior to assigning a value to the property. *Id*.

{¶ 16} Similarly, other Ohio courts have agreed that a defendant who claims that an appraiser failed to comply with the "upon actual view" requirement of R.C. 2329.17 must also establish they were prejudiced by the value that the appraiser placed on the property. Specifically, a defendant must adduce evidence that the appraisal was grossly inaccurate and that the home would have sold for more if the appraisal value had been higher. The Tenth District has found that the failure of an appraiser to enter the premises does not per se require the sheriff's sale to be set aside. See *Leader Mortg. Co. v. Logan*, 10th Dist. Franklin No. 98AP-94, 1998 WL 680978 (Sept. 30, 1998).

{¶ 17} Likewise, in *Chase Manhattan Mortgage Corp.*, *supra,* the property, which was

not appraised upon actual view, was appraised at $67,500. Urquhart, however, argued that it should have been appraised for $85,000. The property was sold at sheriff's sale for $55,000, and the Twelfth District found that even if the property had been appraised at a higher price, it would not have necessarily sold at a higher amount. The court found that Urquhart failed to provide evidence of a different valuation of the property and failed to show how she was prejudiced by the value offered by the appraiser. *Chase Manhattan Mortgage Corp.* at ¶ 21-24.

{¶ 18} However, the Second District has also found that where the condition of a house may have an impact on the value of the real property on which it stands, the house should be entered by the appraisers who, under R.C. 2329.17, are required to conduct their appraisal upon actual view. *Glendale Fed. Bank v. Brown*, 2d Dist. Montgomery No. 13976, 1994 WL 12475, * 3 (Jan. 21, 1994).

{¶ 19} Nevertheless, similar to the mortgagors in *National Union* and *Chase Manhattan*, Wizzard has failed to provide any evidence establishing that she was prejudiced by the appraisal performed without an "actual view" of the interior. Wizzard asserts that "an appraisal upon actual view is a condition precedent to confirmation [of sale]." Although R.C. 2329.17 dictates that appraisal must be "upon actual view," it does not state whether "actual view" necessitates that the appraiser enter the premises. Many defaulting mortgagors, such as Wizzard, seek to construe the statute to mean that if the appraisers do not enter the premises, the appraisal may be inaccurate, and they will be prejudiced as a result. Because the statute contains the phrase "actual view" rather than any language requiring the appraiser to enter the premises, we conclude that it is reasonable to put an additional burden on mortgagors to demonstrate prejudice when they deem the appraisal value to be too low.

{¶ 20} In the instant case, Wizzard has failed to adduce any evidence that the

Property should have been appraised at a higher value. Wizzard asserts that the Property was in good condition, but does not attempt to counter the appraisal. Wizzard, simply and without any further explanation, contends that the appraisal of $240,000 is "grossly inadequate." Similar to the defendant in *Chase Manhattan Corp.*, Wizzard also failed to establish that a higher appraisal would have resulted in a higher sale amount of the Property. Accordingly, Wizzard has failed to establish that the appraisers did not comply with R.C. 2329.17, and the trial court did not abuse its discretion when it confirmed the sheriff's sale of the property at issue.

{¶ 21} Wizzard's second assignment of error is overruled.

{¶ 22} All of Wizzard's assignments of error having been overruled, the judgment of the trial court is affirmed.

FAIN, J. and FROELICH, J., concur.

(Hon. Mike Fain, Hon. Mary E. Donovan, Hon. Jeffrey E. Froelich, Second District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio pursuant to Section 5(A)(3) Article IV of the Ohio Constitution).