[Cite as *Schnakel v. Medas*, 2022-Ohio-2818.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

DONALD SCHNAKEL

    Plaintiff

    v.

JOHN G. MEDAS, et al.

    Appellants

    and

AEGIS ASSET BACK SECURITIES, LLC

    Appellee

C.A. No.    21CA0058-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    19 CIV 0471

DECISION AND JOURNAL ENTRY

Dated: August 15, 2022

CARR, Judge.

{¶1} Defendants-Appellants John G. Medas and Fulton Properties of Ohio, LLC appeal the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2} In May 2019, Plaintiff Donald Schnakel filed a complaint for foreclosure and breach of promissory notes. Mr. Schnakel named Mr. Medas, Fulton Properties of Ohio, LLC, FMI Products, LLC, and GPSI Properties, LLC as Defendants based upon their alleged failure to make payments under a note and consent agreement. The note was secured by a mortgage on an industrial property located on Liverpool Drive in Valley City. Mr. Schnakel also named Appellee

Aegis Asset Backed Securities, LLC ("Aegis") and John Burke in his capacity as the Medina County Treasurer as Defendants asserting that they might have an interest in the property at issue. Aegis was the primary mortgagee of the property.

{¶3} Ultimately, a decree of foreclosure was filed on January 30, 2020. The entry was not appealed. On March 31, 2020, an appraisal of $450,000.00 was submitted and a sheriff's sale was scheduled. In May 2020, Mr. Schnakel filed a motion to postpone the sheriff's sale and a motion seeking reappraisal of the property. The motions were granted; however, a reappraisal was not conducted until September 2020 due to a suggestion of bankruptcy as to Fulton Properties of Ohio, LLC that was filed. The property was reappraised at $435,000.00. Additional bankruptcy filings further delayed the sheriff's sale. A sheriff's sale was then scheduled for March 2021. On March 9, 2021, Mr. Schnakel, Mr. Medas, and Fulton Properties of Ohio, LLC filed a joint objection to the appraisal arguing it was too low in light of a November 2018 appraisal commissioned by Aegis and industrial land sales from 2015. Mr. Medas also averred that Fulton Properties of Ohio, LLC had been in discussions with two groups interested in purchasing the property at issue for $2,800,000.00. Aegis opposed the joint filing arguing essentially that it was a delay tactic and that the November 2018 "appraisal" states near the end of the document that it is "a limited scope commercial evaluation report and is NOT an appraisal." (Emphasis sic.) The trial court denied the motion.

{¶4} On March 18, 2021, Mr. Medas filed a suggestion of bankruptcy. The bankruptcy court determined the automatic stay was inapplicable to the property at issue because it was not part of Mr. Medas's bankruptcy estate. Mr. Medas and Fulton Properties of Ohio, LLC renewed their objection to the appraisal. The property was again scheduled for sale and was sold for $1,236,646.38 on June 17, 2021. The sheriff's return lists Mr. Schnakel as the purchaser but the

parties appear to be in agreement that Aegis purchased the property. On July 13, 2021, Aegis filed a proposed confirmation of sale judgment entry. On August 18, 2021, Mr. Medas and Fulton Properties of Ohio, LLC filed a motion to set aside the sheriff's sale pursuant to Civ.R. 60(B). They again pointed to the "appraisal" and land sales they raised in their prior objections. They argued that the current sale price would frustrate the purpose of selling the property because it would not satisfy the creditors. They did not request a hearing. Aegis opposed the motion arguing, inter alia, that Civ.R. 60(B) did not apply as Mr. Medas and Fulton Properties of Ohio, LLC were not seeking to vacate a final judgment, order, or proceeding. Mr. Medas and Fulton Properties of Ohio, LLC filed a reply brief. The trial court denied the motion to set aside without referencing Civ.R. 60(B). An entry of confirmation of the sale has yet to be entered.

{¶5}     Mr. Medas and Fulton Properties of Ohio, LLC have appealed raising two assignments of error for our review.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANTS' MOTION TO SET ASIDE SALE PURSUANT TO CIV.R. 60(B)[.]

{¶6}     Mr. Medas and Fulton Properties of Ohio, LLC argue in their first assignment of error that the trial court abused its discretion in denying their Civ.R. 60(B) motion to set aside the sheriff's sale. They argue there was a substantial difference between a November 2018 appraisal commissioned by Aegis and the sheriff's appraisal and that the criteria of Civ.R. 60(B) were met.

{¶7}     First, we cannot say that Civ.R. 60(B) is applicable to the facts before us. Mr. Medas and Fulton Properties of Ohio, LLC sought to set aside the sheriff's sale at a point in time when there was no confirmation of the sale issued. More importantly, they point to no final

judgment, order or proceeding of the trial court they sought to vacate. *See* Civ.R. 60(B). As noted by our colleagues in the Second District:

> A foreclosure action is a two-step process, the first part of which ends with the judgment and decree of foreclosure, which is a final appealable order. The second part of the process involves the sale of the property, culminating in a confirmation of sale and dispersal of proceeds. An order confirming the sale of property is also a final appealable order. An order of confirmation can be challenged only by way of appeal or through a motion for relief from judgment, pursuant to Civ.R. 60(B). [When] the sale had not yet been confirmed[, and i]n the absence of a final appealable order, the [Appellants] [are] not required to meet the requirements of Civ.R. 60(B).

(Internal citations and quotations omitted.) *Wells Fargo Bank, N.A. v. Fortner*, 2d Dist. Montgomery No. 26010, 2014-Ohio-2212, ¶ 9.

{¶8} Here, the trial court issued a brief entry denying the motion to set aside without mentioning Civ.R. 60(B). Thus, it is possible the trial court considered the motion as a general motion to set aside as opposed to motion pursuant to Civ.R. 60(B). Irrespective, this Court in the past has considered the merits of appeals from the denial of similar motions. *See Partners for Payment Relief DE III, LLC v. Moss*, 9th Dist. Summit No. 28590, 2017-Ohio-9303, ¶ 3.

{¶9} This Court reviews decisions denying a motion to set aside a sheriff's sale for an abuse of discretion. *See Harris Trust & Savs. Bank v. Natl. Republic Bank of Chicago*, 9th Dist. Summit No. 21668, 2004-Ohio-1602, ¶ 5; *see also Partners for Payment Relief DE III, LLC* at ¶ 7.

{¶10} Notably, Mr. Medas and Fulton Properties of Ohio, LLC focus nearly exclusively on the elements of Civ.R. 60(B). However, as noted above, Civ.R. 60(B) was not applicable to their motion. Notwithstanding the foregoing, Mr. Medas and Fulton Properties of Ohio, LLC have not demonstrated that the trial court abused its discretion in denying the motion to set aside. The property sold for $1,236,646.38, which was significantly more than the appraised value of

$435,000.00. While Mr. Medas and Fulton Properties of Ohio, LLC argue that the property was "appraised" for over three million dollars in November 2018, as pointed out by Aegis, the "appraisal" specifically states that it is not an appraisal. In addition, the record discloses that when the initial appraisal of $450,000.00 was challenged, the trial court ordered the property reappraised. When it was finally reappraised months later, the reappraisal came in lower than the first one at $435,000.00. While the sale price will not satisfy the creditors, Mr. Medas and Fulton Properties of Ohio, LLC have not demonstrated on appeal that the appraisal was inaccurate or that more money could have been garnered if the sale was conducted again. Accordingly, even assuming that the basis they cite would justify vacating the sale, they have not presented any evidence in support of their claim. Therefore, they have failed to show that the trial court abused its discretion.

{¶11} Mr. Medas's and Fulton Properties of Ohio, LLC's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANTS' MOTION TO SET ASIDE SALE PURSUANT TO CIV.R. 60(B) PRIOR TO HOLDING A HEARING ON APPELLANTS' MOTION.

{¶12} Mr. Medas and Fulton Properties of Ohio, LLC argue in their second assignment of error that the trial court erred in denying their Civ.R. 60(B) motion without holding a hearing.

{¶13} As noted above, Civ.R. 60(B) is inapplicable to the facts before us. Accordingly, the Civ.R. 60(B) law cited by Mr. Medas and Fulton Properties of Ohio, LLC is equally inapplicable. Thus, Mr. Medas and Fulton Properties of Ohio, LLC have pointed to no authority that would support their position. Given our discussion above, along with the fact that Mr. Medas and Fulton Properties of Ohio, LLC have not demonstrated that they requested a hearing, we cannot say that they have established the trial court abused its discretion.

**{¶14}** Mr. Medas's and Fulton Properties of Ohio, LLC's second assignment of error is overruled.

## III.

**{¶15}** The assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
SUTTON, J.
CONCUR.


APPEARANCES:

DAVID L. HARVEY III, MATTHEW B. ABENS, and BRIAN M. YUSKO, Attorneys at Law, for Appellants.

BRIAN A. GIBBS, TIMOTHY MADISON, and KRISTEN ROSAN, Attorneys at Law, for Appellee.